SUCESIÓN J. SERRALLÉS, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; TREASURER OF PUERTO RICO, Intervener.

No. 270.   Argued January 9, 1952.—Decided January 22, 1952.

*Vicente Zayas Pizarro* for petitioner.   *Víctor Gutiérrez Franqui, Attorney General,* and *J. C. Santiago Matos, Assistant Attorney General,* for intervener, respondent in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

As appears from the complaint filed in the Tax Court, the petitioner Sucesión J. Serrallés is a civil, agricultural and industrial partnership and, on the dates involved in the complaint, it owned, ran and operated an industrial plant, called Central Mercedita, for the manufacture of raw sugar and its by-products, in the Sabanetas ward of Ponce.   On September 19, 1947, it imported from the United States two scales known as "railroad truck scales," for the purpose of weighing the cane arriving at the *central* in trucks and wagons, before unloading it into the cane conductor which hauls the raw material to the mills.   The installation of such

scales is required by the Public Service Commission of Puerto Rico, by other agencies of the Insular Government and by the Department of Agriculture of the United States. Said scales have to do with the raw material to be manufactured into raw sugar, from the beginning of its manufacturing process. On October 6, 1947, the petitioner asked the Treasurer of Puerto Rico, in writing, to exempt it from the payment of excises on said scales because they are essential for the operation of its industrial plant. On February 10, 1949, the respondent denied its petition and demanded payment, which was made under protest to avoid penalty by way of surcharges, interest and fines; and that it has actually suffered the burden of said excises.

The Treasurer denied the essential facts alleged by the petitioner and the case was heard in the Tax Court which entered judgment dismissing the complaint as a whole. To review said judgment we granted special certiorari. See § 6 of Act No. 328 of May 13, 1949, Sess. Laws., pp. 996, 1004.

The only question for decision here is, therefore, whether or not the said two scales are exempt from the payment of excises. Pursuant to § 16–B of the Internal Revenue Law of Puerto Rico—No. 85 of August 20, 1925, (Sess. Laws, p. 584)—as amended by Act No. 436 of May 14, 1947, (Sess. Laws, p. 908,) [1] "There shall be exempt from the payment of the excises imposed by this Act all apparatus, machinery, or equipment that may be essential for the establishment and operation of industrial plants; . . . *Provided, finally,* That this being an exemption which covers the essential machinery for the establishment and operation of industrial plants, it shall be construed as applicable only to the machinery of the factory stage of production of the industrial process, having to do with raw materials from the

---

[1] The amendment introduced to this same Section by Act No. 166 of May 3, 1950, (Sess. Laws, p. 448), is not in point here, inasmuch as the scales in question were imported on September 19, 1947.

beginning of the manufacturing process until completion thereof, including packing and labeling of the product; but it shall not cover the machinery, apparatuses, equipment, or vehicles used in the administrative or commercial stage of the industry; . . ."

Petitioner's contention is, of course, that the two scales in question strictly fulfill the requirements of the Act to receive the benefit of the exemption as being essential for the operation of its industrial plant and having to do with the raw material from the beginning of the manufacturing process of sugar until completion thereof. The Treasurer denies this averment. He admits, however, that these scales are essential in the administrative stage of the business and contends that, hence, by express statutory provision, they are not exempt from the payment of excises.

The evidence offered by the petitioner in support of its contention shows that the scales in question are used to weigh the cane brought in trucks and railroad cars to its *central* before taking it to the cane conductor which transports it to the mills; that said scales have to do with *colonos'* cane; that they are essential for the efficiency of the industry proper; and that the weight of the cane is an indispensable factor in the technical control of the process in order to obtain the best productive results. Said evidence admitted, nevertheless, that cane may be converted into sugar without being weighed and that "the weight of the cane of each one (of the *colonos*) is necessary in order to estimate his share in the sugar, because without the weight of the cane of each vehicle it would be impossible to ascertain the sugar that corresponds to each *colono*." (Parenthesis ours.)

In *Central Coloso* v. *Tax Court*, 70 P.R.R. 62, which in our judgment is quite similar to this case, the problem was whether railroad cars used to haul cane to a *central* are exempt from excise taxes under § 16–B. We decided there that the Act shows on its face that the Legislature intended

to restrict the exemption to the unit which constitutes the industrial plant and that the industrial process does not include transportation of the raw materials needed for that process.

Section 16–B is a tax exemption statute and must be strictly construed. *Descartes, Treas.* v. *Tax Court; Cervecería India, Inc., Int.,* 71 P.R.R. 479, 482. Not only is this so, but also by express provision of the Act the exemption does not cover the machinery, apparatuses, etc., used in the administrative or commercial stage of the industry. As we have seen, said scales are not used directly in petitioner's industrial process. Rather they are used in its administrative phase and to increase its efficiency. They have nothing to do whatsoever with the conversion of raw materials from the beginning of the manufacturing process until completion thereof. Thus, we must perforce conclude that the Tax Court did not err in rendering judgment as it did.

The judgment appealed from will be affirmed.

